# The Commonwealth *ex rel.* Crawford County Agricultural Society *versus* Commissioners of Crawford County.

1. The act of March 29th, 1851, P. L., 289, directs that, certain prerequisites being complied with, the county agricultural or horticultural society, in any of the counties of the Commonwealth, shall be entitled to receive a sum of money from the county treasurer, " Provided, that said annual payment, out of the county funds, shall not exceed one hundred dollars. Provided, further, that but one such society in any county shall be entitled to receive such appropriation, in any one year, under this act." *Held,* that the county, having paid one hundred dollars per annum during several years to one of several societies organized under the act, cannot be compelled to pay that amount for those years to another such society, though the latter was prior in organization.

2. *Semble,* that the act contemplates the possible existence of more than one such organization in a county, and it is within the discretion of the county commissioners to divide the annual appropriation equally among several societies, or to make equitable alternate payments of that sum to them.

ERROR to the Court of Common Pleas of *Crawford County.*

Mandamus to the commissioners and treasurer of Crawford County.

On the 21st of September, 1880, the Crawford County Agricultural Society presented its petition to the Court of Common Pleas setting forth,

That said society, consisting of a large number of persons, all citizens of Crawford County, was organized in 1852, under and according to the terms of the act of March 29th, 1851.

That they have adopted a constitution and by-laws for their government, and have elected their officers ; that from the day of their organization they have raised annually by the voluntary contribution of the members of the society over one hundred dollars, which have been each and every year actually paid into their treasury for the purpose of being dispensed for the promotion of agricultural knowledge and improvement ; that for each and every the years following, viz., 1861, 1864, 1866, 1872, 1874, 1878, and 1879, they raised by voluntary contribution of the members of the society one hundred dollars and over, which was each and every of said years actually paid into the treasury for these purposes, which fact was each and every of said years attested by the affidavits of their president and treasurer, and filed with the commissioners of Crawford County aforesaid, that they became entitled, under said act, to have and receive from the treasurer of said county the full sum of one hundred dollars ; which facts were each of said years made known to the treasurer of said county, and the money, viz., one

[The Commonwealth *ex rel.*, etc., *v.* Commissioners of Crawford County.]

hundred dollars for each of the years aforesaid, demanded of him, and that the treasurer aforesaid has refused, and still refuses, to pay to your petitioner the said several sums of money, or any part thereof, and the commissioners of said county have continuously refused, and still do refuse, to draw their order therefor in favor of petitioners.

It prayed for a mandamus to Joseph Scowden, William J. Kerr, and James Jamison, commissioners of said county, commanding them to issue to the petitioners their order for the said several sums of money; and to William Nas' treasurer, to receive and pay the money thereon.

The answer of the respondents set forth:

That there are other agricultural societies organized in said county of Crawford, in accordance with the 4th section of the act aforesaid, to wit: The Crawford County Central Agricultural Society, having the place for holding its annual fair in Vernon Township, Crawford County; the French Creek Valley Agricultural Society, having its place for holding its annual fair at Cochranton, said county, and the Oil Creek Valley Agricultural Society, having its place for holding its annual fair at Titusville, said county, each being regularly organized, and being for the promotion of agricultural knowledge and improvement; that each had raised annually, by voluntary contribution of its members, over one hundred dollars for the purposes as aforesaid; which facts were attested by the affidavits of the presidents and treasurers thereof, and duly filed with your respondents; that by the provisions of the 4th section of said act but one society in any one year is entitled to such appropriation; that the respondents having been legally, and in accordance with the 4th section of the act aforesaid, informed that the French Creek Valley Agricultural Society had raised, by voluntary contributions of its members, for the year 1880, a sum of money in amount over one hundred dollars for the purposes aforesaid, by resolution, the 1st day of September, A.D. 1880, agreed to draw an order, and did draw an order, upon the treasurer of Crawford County, the first day of September, A.D. 1880, to pay said French Creek Valley Agricultural Society, for the sum of one hundred dollars; that for the years 1861, 1864, 1866, 1872, 1874, and 1878, the respondents, were not at that time and times commissioners nor treasurer, but from examination of the records they find orders have been issued by the then commissioners on the then treasurers, in favor of duly organized and certified agricultural societies, who by proper affidavits, have shown that they had brought themselves within the requirements of the act aforesaid; and that for the year 1879 the Crawford County Central Agri-

[The Commonwealth *ex rel.*, etc., *v.* Commissioners of Crawford County.]

cultural Society aforesaid, having complied with the requirements of said act, the appropriation was drawn in favor of it to the amount of one hundred dollars.

The relators filed a replication, averring that the several societies named in the answer, viz., the French Creek Valley Agricultural Society and the Oil Creek Valley Agricultural Society are not, nor is either of them, organized under the act of 29th of March, 1851; that each of them is a "joint stock company," and each, especially the former, having a membership largely comprised of persons who are residents in and citizens of adjacent counties, and are therefore not embraced within the provisions of the act aforesaid, or entitled to its benefits; that "The Crawford County Agricultural Society," being the first, and for many years the only agricultural society organized within Crawford County, under act aforesaid, and having always, and from the date of its organization in 1852, complied with the terms of said act, are solely and exclusively entitled to the appropriation or payments of money for which it provides; that the moneys paid by the defendants, as set forth in their answer, to "The Crawford County Central Agricultural Society," "The French Creek Valley Agricultural Society," and "The Oil Creek Valley Agricultural Society," were paid contrary to and without authority of law, and that said several sums of money should have been paid to plaintiffs; all and each of which allegations and averments they are ready to verify.

The act of March 29th, 1851 (P. L., 289), provides, section 4:

"That when any number of individuals shall organize themselves into an agricultural or horticultural society, or any agricultural or horticultural society, now organized within any of the counties of this Commonwealth, shall have adopted a constitution and by-laws for their government, elected their officers, and raised annually, by the voluntary contribution of its members, any sum of money which shall have actually been paid into their treasury, for the purpose of being disbursed for the promotion of agricultural knowledge and improvement, and that fact be attested by the affidavit of their president and treasurer, filed with the commissioners of the county, the said county society shall be entitled to receive annually a like sum from the treasurer of their said county. *Provided,* that said annual payment out of the county funds shall not exceed one hundred dollars. *Provided further,* that but one such society in any county shall be entitled to receive such appropriation in any one year under this act."

July 14th, 1881, the Court below, CHURCH, P. J., dismissed

the petition at the cost of the relators and filed the following opinion:

" The relators claim themselves to be organized, and to have for these years brought themselves within the definition in said section. The respondents neither admit nor deny that allegation to be true, but aver that during said years there were other associations of individuals within the county who organized and brought themselves within the definition and provisions of said section and act, and to whom the said sum of $600 was paid for said years. The said other associations are averred to be ' The Crawford County Central Agricultural Society,' 'The French Creek Valley Agricultural Society,' and ' The Oil Creek Valley Agricultural Society.'

" The relators, in their replication, deny that the two last-named societies are organized under the above-named fourth section, but aver them to be joint stock companies, having a membership largely composed of citizens of adjacent counties, and hence are not entitled to the benefit of said section in said recited act. This raised a question of fact, and thereupon a jury trial was waived, and the question of fact submitted to the Court; and thereupon we find that the French Creek Valley Agricultural Society was, in 1877, duly and fully organized under the provisions of said act, and the fourth section thereof, and did, during its existence, comply with the provisions of said section by filing with the commissioners of the county an affidavit, made necessary by that section, to entitle them to the benefits of said section. The said last-named society has members in and receives contributions from persons living in adjacent counties.

" This being, therefore, found as a fact, the other questions are raised by the pleadings.

" This is, therefore, a claim and demand by the Crawford County Agricultural Society from the County of Crawford, for the sum of $700, being $100 for each of the years, 1861, 1864, 1866, 1872, 1874, 1878, and 1879.

" [The answers of respondents averring that the county paid out during these years the sum of $100 per annum to some one of the other agricultural societies organized under the act of 1851, is a sufficient reply to the application on the part of the relators for payment for these years.] The fourth section, under which payment is claimed, provides ' that but one such society in any county shall be entitled to receive such appropriation in any one year under the act.'

" [The money, therefore, by law appropriated for these societies, is no longer in the county treasury, and, of course, cannot be reached in this or any other proceeding,] and as

the mandamus asked for only extends to these years, it must, of course, be dismissed.

" What I say in addition must be treated as extrajudicial, for there is not a word said about the future, nor is a mandamus asked for, for the present or any future year. Inasmuch, however, as counsel on both sides, in their argument adverted to the present and future, and this opinion may prevent further litigation, I deem it proper to say that the Crawford County Agricultural Society, the relator in this case, is, under the fourth section of the act of 1851, before recited, and under the facts in this case, not the only society in this county organized and conducted under the section, and is not the only society in the county which has adopted the constitution and voluntarily raised the contributions for the promotion of agricultural knowledge and improvement, as defined in said section, and has not the exclusive right, by virtue of priority of organization, or otherwise, to the benefits of the said section, or of the money appropriated thereunder. To entitle any such society, however, to this money, the requisite affidavits and statements must be annually made to the commissioners, and, of course, we cannot say that in the future, any, or if one, more than one such society will, in any one year, or at all, make such statements, attested by affidavit, or required by said act. Without quoting the act *in ipsissimis verbis*, I construe it to contemplate the fact that there may be in a county more than one such organization. It says: 'Any number of individuals, etc.,' not the first set or first number of individuals, etc., and further, 'any society *now* organized' may do so and so. The last proviso certainly contemplates that more than one such society may receive the whole or a portion of said appropriation. It says '*but one such society in any one county* shall receive such appropriation in *any one year*.'

" [In short, the whole question, within the limit, of course, of the two provisos, is altogether within the discretion of the custodians of the county funds, to wit, the county commissioners. The latter might, if they saw fit, probably divide the appropriation equally and annually between the several agricultural societies, or might, as I understand they have heretofore done, and intend in the future to do, equitably make alternate appropriations of the said $100 among the several societies who bring themselves within the act. This discretion of the county commissioners has been, and as we believe, rightly exercised, and we cannot control it if we would, and we would not control it if we could."]

The relators then took a writ of error, assigning as errors

[Overseers of Plum Creek *v.* Overseers of South Bend.]

those portions of the opinion within brackets, and that the law of the opinion was wrong and its conclusions erroneous.

*H. L. Richmond & Son* for plaintiff in error.

The very names of the "French Creek Valley" and the "Oil Creek Valley" societies, show that they are not county societies, and their membership is divided among several counties.    The relators are entitled to the money by virtue of priority of organization.    To dissipate the money among a score of societies, or to pay it to them alternately, is to defeat the object of the act: Commonwealth *v.* Fraim, 4 Harris, 169; The People *v.* Utica Ins. Co., 15 Johnson, 380.

*Thomas Roddy* for defendant in error.

The accounts of the former commissioners and treasurers having been officially passed upon without appeal, the relators are estopped: Blackmore *v.* Allegheny County, 51 Penna. State, 160.

The act intended that the commissioners should be the judges as to who should receive the money.

JANUARY 2D, 1882.—PER CURIAM: This judgment is affirmed upon the opinion of the learned president of the Court below.

Judgment affirmed.